UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT CHARLES MASSAT,<br><br>　　　　　　　Defendant. | CR. 15-50089-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Robert Massat filed a motion to dismiss the indictment under the Speedy Trial Act, 18 U.S.C. § 3161. (Docket 60). The government opposes defendant's motion. (Docket 62). For the reasons stated below, the motion is denied.

**ANALYSIS**

On July 21, 2015, Mr. Massat was indicted for the offense of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (Docket 1). An arrest warrant was issued on October 15, 2015. (Docket 6). On October 20, 2015, Mr. Massat was arrested and made his initial appearance before United States Magistrate Judge Daneta Wollmann. (Docket 7). Attorney Frank Driscoll was appointed to represent Mr. Massat. (Docket 11). A scheduling and case management order was issued the next day, setting the trial of this case on December 29, 2015. (Docket 12 at p. 2).

On November 2, 2015, Attorney Ellery Grey filed a notice of appearance on behalf of the defendant. (Docket 14). On November 19, 2015, Attorney Driscoll filed a motion to withdraw. (Docket 15). An order granting Mr. Driscoll's motion to withdraw was entered the next day. (Docket 16). On November 30, 2015, Mr. Massat filed a motion for reconsideration of pretrial release. (Docket 19). On December 2, 2015, Magistrate Judge Wollmann held a hearing on the motion for reconsideration. (Docket 23). That same day, Magistrate Judge Wollmann orally denied the motion for reconsideration and a text order was entered on December 4, 2015, denying the motion. (Dockets 23 & 25).

On December 2, 2015, Mr. Massat filed an unopposed motion requesting a 60-day continuance of the trial date. (Docket 20 at p. 2). That same day Mr. Massat filed a waiver of his speedy trial rights under 18 U.S.C. § 3161 and his attorney filed an affidavit in support of the motion for continuance. (Dockets 21 & 22). On December 4, 2015, an order granting the defendant's motion and setting a new trial date of February 23, 2016, was entered. (Docket 27).

On December 10, 2015, Attorney Matthew Kinney filed a notice of substitution of counsel on behalf of the defendant. (Docket 29). On January 5, 2016, Attorney Jamy Patterson filed a notice of appearance on behalf of the defendant. (Docket 31). On January 7, 2016, Attorney Kinney filed a motion to withdraw as counsel. (Docket 32). Mr. Kinney's motion was granted on January 11, 2016. (Docket 33).

On January 19, 2016, Mr. Massat filed a second unopposed motion for continuance requesting a three-month continuance of the trial date and a waiver of his speedy trial rights under § 3161.  (Dockets 34 & 35).  The next day, the court entered an order granting the continuance and setting a new trial date of May 17, 2016.  (Docket 37).

On March 15, 2016, Mr. Massat filed a motion to dismiss the indictment on the basis of double jeopardy ("double jeopardy motion") and a motion to compel the government to disclose grand jury transcripts ("motion to compel"). (Dockets 38 & 40).  Briefing on both motions was completed on April 5, 2016. (Docket 46).  The trial date and other deadlines were canceled pending resolution of defendant's motions.  (Docket 47).

On April 14, 2016, Mr. Massat filed a motion for furlough.  (Docket 48). Magistrate Judge Wollmann held a hearing on the furlough motion on May 13, 2016, and entered an order granting the motion.  (Dockets 55 & 57).  Four days later, on May 17, 2016, Mr. Massat filed a motion seeking modifications to the conditions of his furlough and on the same day Magistrate Judge Wollmann entered an order granting those modifications.  (Dockets 58 & 59).

On June 21, 2016, Mr. Massat filed a motion to dismiss the indictment on the basis of § 3161 ("speedy trial motion").  (Docket 60).  The government opposed the motion.  (Docket 62).  The speedy trial motion became ripe for resolution on July 6, 2016.  (Docket 63).  On July 15, 2016, the court denied the defendant's motion to compel and his double jeopardy motion.  (Docket 64).

"The Speedy Trial Act . . . commands that a defendant be tried within 70 days of the latest of either the filing of an indictment . . . or the first appearance before a judge or magistrate."  Henderson v. United States, 476 U.S. 321, 322 (1986).  See 18 U.S.C. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment . . . . shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.").  The date starting the speedy trial clock in this case is October 20, 2015, the date of Mr. Massat's initial appearance and arraignment before Magistrate Judge Wollmann.  (Docket 7).

The Speedy Trial Act describes periods of delay that "shall be excluded in computing the time within which . . . the trial of any such offense must commence[.]"  18 U.S.C. § 3161(h).  One such period of excludable delay is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]"  18 U.S.C. § 3161(h)(1)(D).  "[E]very motion . . . tolls the speedy trial clock."  United States v. Williams, 557 F.3d 943, 952 (8th Cir. 2009).  "A defendant has the burden of proof to show that his statutory right to a speedy trial has been violated. . . . To meet that burden the defendant must demonstrate that more than 70 non excludable days have passed from the date the clock began to run."  Id., at 950 (citing 18 U.S.C. § 3161(c)(1) (internal citation omitted).

4

Mr. Massat submits the indictment should be dismissed claiming the time elapsed since arraignment "exceeds the limits prescribed in 18 U.S.C. §[§] 3161(c) and (g) . . . ."  (Docket 60 at pp. 3-4).  He claims that as of June 21, 2016, the date of filing of his speedy trial motion, a total of 75 countable days have elapsed under the Speedy Trial Act.  Id. at p. 3.  Mr. Massat asserts because only 30 days should be excluded from the speedy trial clock calculation for the time during which any proceeding concerning the defendant is actually under advisement by the court and his double jeopardy motion and motion to compel were not resolved within those 30 days, the indictment must be dismissed.  (Docket 61 at p. 3) (referencing United States v. Dezeler, 81 F.3d 86, 88-89 (8th Cir. 1996)).

Mr. Massat's brief suggests the court may attempt to violate the Speedy Trial Act.  He asserts "the 'hearing' clause of § 3161(h)(1)[D][1] does not allow a district court to neglect a motion and then attempt to insulate the case from dismissal under the Speedy Trial Act by holding a hearing and thereafter declaring the time prior to the hearing excludable."  (Docket 63 at p. 3) (citing Williams, 557 F.3d at 953 (internal quotation marks and brackets omitted)).

The court is not neglecting the motion or attempting to insulate the case from dismissal.  "[T]he 'hearing' clause [§ 3161(h)(1)(D)] controls and the time between the filing and the hearing is . . . excludable.  If a district court does not

---

[1]The pretrial motion exclusion provision, § 3161(h)(1)(D), was previously codified at 18 U.S.C. § 3161(h)(1)(F).  No substantive changes were made to the provision.  See United States v. Mallett, 751 F.3d 907, 911 n.3 (8th Cir. 2014).

5

hold a hearing on a motion . . . the 'prompt disposition' clause [§ 3161(h)(1)(H)] is applicable . . . ."  Williams, 557 F.3d at 951.

As of December 2, 2015, the date of Mr. Massat's first motion for a continuance, a total of 36 days had expired on the speedy trial clock.  See Exhibit A, Speedy Trial Calculations, attached to this order.  On that date, Mr. Massat waived speedy trial for 60 days from the original trial date, to February 27, 2016.  See Docket 12 and 20.  This time is automatically excluded from inclusion in the speedy trial clock calculation.  See Docket 27 at p. 2 and 18 U.S.C. § 3161(h)(7)(A) (excluded is "[a]ny period of delay resulting from a continuance granted . . . at the request of the defendant . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.").  His second motion for a continuance on January 19, 2016, waived speedy trial from the ending date of the first waiver, February 27, for a total of 90 days to May 28, 2016.  See Docket 34 and 37.  Under § 3161(h)(7)(A) this time is automatically excluded from inclusion in the speedy trial clock calculation.  See Docket 37 at p. 2.

Mr. Massat's argument ignores the impact of his motions for continuances under § 3161(h)(7)(A) and his reliance on § 3161(h)(1)(H) is misplaced.  The only time subsection H comes into play is when the speedy trial clock is running.  Because of the defendant's waiver of speedy trial through May 28, 2016, Mr. Massat's double jeopardy motion and motion to compel were filed during a period

the speedy trial clock was stopped. It is only after the speedy trial clock would have restarted that § 3161(h)(1)(H) and the 30-day period for the court to resolve those motions would have come into play. If there had been no further filings after May 28, the " 'prompt disposition' clause" of § 3161(h)(1)(H) would have expired on June 28, 2016. Williams, 557 F.3d at 951.

However, on June 21, 2016, Mr. Massat filed his speedy trial motion. This motion overlapped the period of time contemplated by subsection (H) and continued to keep the speedy trial clock stopped. 18 U.S.C. § 3161(h)(1)(D). Defendant's reply brief on his speedy trial motion was not filed until July 5, 2016. (Docket 6). The period contemplated by subsection H did not start until July 6, 2016, and the court has 30 days, until August 6, 2016, to resolve the speedy trial motion before the clock would begin again under § 3161(h)(1)(H). As of the date of this order there remains **34** days on the speedy trial clock. See Exhibit A.

For these reasons, defendant's speedy trial motion must be denied.

### ORDER

Based on the above analysis, it is

ORDERED that defendant's motion (Docket 60) is denied.

Dated July 28, 2016.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE