UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | 5:15-CR-50089-JLV |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| ROBERT CHARLES MASSAT, | |
| Defendant. | |

Pending are Defendant's Third Motion to Dismiss the Indictment Based on Duplicity and Vagueness (Doc. 68); Second Motion to Compel Disclosure of Grand Jury Transcript (Doc. 70); and Motion for Bill of Particulars (Doc. 76). Both parties have submitted briefs on each motion. Based on a careful consideration of all the evidence, and counsel's written arguments, the Court respectfully makes the following:

**RECOMMENDATION**

It is respectfully recommended that Defendant's Third Motion to Dismiss the Indictment Based on Duplicity and Vagueness (Doc. 68) be denied. It is further recommended that Defendant's Second Motion to Compel Disclosure of Grand Jury Transcript (Doc. 70) be denied. It is further recommended that Defendant's Motion for Bill of Particulars (Doc. 76) be denied.

## JURISDICTION

Defendant is charged in an Indictment with Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The pending Motions were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Chief Judge Jeffrey L. Viken's Standing Order dated March 9, 2015.

## BACKGROUND

A grand jury indicted Defendant Robert Charles Massat on July 21, 2015. The indictment contains a single count and reads as follows:

> Beginning on or about 2013, and continuing through the date of this Indictment, in the District of South Dakota and elsewhere, the defendant, Robert Charles Massat, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the Grand Jury to knowingly and intentionally distribute and to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

(Doc. 2).

## DISCUSSION

### I. Third Motion to Dismiss Indictment Based on Duplicity and Vagueness (Doc. 68)

Mr. Massat argues that the indictment, which charges him with a single count of conspiracy, is both duplicitous and vague because the discovery shows that he may have been involved in more than one conspiracy. Mr. Massat claims he "no longer understands what conspiracy is alleged against him," (Doc. 69 at p. 3), and accordingly he cannot adequately prepare

2

for trial.  Mr. Massat further argues that if the government presents evidence of multiple conspiracies at trial, a variance will occur and it will be impossible to determine which conspiracy forms the basis for a conviction on the single count.  In the same vein, Mr. Massat claims "it is impossible to know if the grand jurors . . . were presented with multiple conspiracies upon which they could only return an indictment on a single conspiracy count[.]"  (Doc. 69 at p. 4).

In support of his motion, Mr. Massat claims the "thousands of pages of discovery" (Doc. 69 at p. 2) link him to multiple sources of methamphetamine, both known and unknown, and a variety of other associates or distributors that changed over time.  Mr. Massat argues that the discovery shows he worked with different sources and distributors during the time frame charged in the indictment.  Therefore, he must have been involved in multiple conspiracies, contrary to the single charge in the indictment.  The government responds that the discovery supports a single conspiracy as alleged in the indictment; moreover, the government asserts the indictment sets forth the elements of conspiracy, and is neither duplicitous nor vague.

A.   **Legal Standard**

An indictment is sufficient "if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to future prosecution."  United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001) (quoting United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988)).  "Typically an indictment is not sufficient only if an essential element of the

3

offense is omitted from it." United States v. Cuervo, 354 F.3d 969, 985 (8th Cir. 2004).  The essential elements of conspiracy under 21 U.S.C. § 846 are the existence of an agreement between two or more individuals to distribute drugs; that the defendant knew of the agreement; and that he intentionally joined the agreement.  United States v. Moore, 639 F.3d 443, 447 (8th Cir. 2011); see United States v. Stockman, Cr. No. 09-50029-KES-01, 2009 WL 2595613, at *1, 3 (D.S.D. Aug. 20, 2009).  The identity of a defendant's co-conspirators is not an essential element of conspiracy, and need not be specified in the indictment.  See United States v. Oseby, 148 F.3d 1016, 1024 (8th Cir. 1998).  The defendant bears the burden of showing that the indictment should be dismissed.  See, e.g., United States v. Lame, 716 F.2d 515, 518 (8th Cir. 1983).

"A single conspiracy is composed of individuals sharing common purposes or objectives, operating under one overall agreement to commit an illegal act[.]"  United States v. Chantharath, 705 F.3d 295, 301 (8th Cir. 2013) (internal quotation omitted).  "Relevant factors include the nature of the activities involved, the identity of the conspirators involved, and the time frame in which the acts occurred."  United States v. Johnson, 719 F.3d 660, 669 (8th Cir. 2013) (internal quotation omitted).  "A single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions." United States v. Roach, 164 F.3d 403, 412 (8th Cir. 1998).  "Moreover, that dealers may compete against one another does not preclude them from being part of the same conspiracy."  Johnson, 719 F.3d at 669.  In fact, "[a] single

4

overall conspiracy can be made up of a number of separate transactions and of a number of groups involved in separate crimes or acts." Roach, 164 F.3d at 412. "The government is not required to show a discrete, identifiable organizational structure." United States v. Espinoza, 684 F.3d 766, 776 (8th Cir. 2012).

Mr. Massat additionally argues that the government's evidence may result in a variance at trial. A variance arises when the evidence presented at trial proves facts that are "materially different from those alleged in the indictment." United States v. Buchanan, 574 F.3d 554, 564 (8th Cir. 2009) (internal quotation omitted). A variance is grounds for a reversal on appeal only if the defendant was prejudiced by the change in evidence. See id. at 565. No prejudice results, and any variance is harmless, where the indictment "fully and fairly" apprises the defendant of the charges he must face at trial. United States v. Begnaud, 783 F.2d 144, 148 (8th Cir. 1986). "Where the indictment fairly specifies the offense charged and notifies the defendant of the particulars, the defendant has knowledge that other overt acts underlying the conspiracy might be pleaded at trial." United States v. Lewis, 759 F.2d 1316, 1344 (8th Cir. 1985).

### B. Analysis

The indictment in this case alleges the required elements of a drug conspiracy charge. See White, 241 F.3d at 1021. Specifically, the indictment alleges the existence of an agreement between two or more individuals to distribute drugs; that Mr. Massat knew of the agreement; and that he

5

intentionally joined the agreement.  Moore, 639 F.3d at 447.  The names of Massat's co-conspirators are not required in the indictment, or even at trial.  Rogers v. United States, 340 U.S. 367, 375 (1951); Oseby, 148 F.3d at 1024.  The fact that a variety of known and unknown individuals may have joined in the drug distribution scheme does not mean that Mr. Massat participated in multiple conspiracies.  See Roach, 164 F.3d at 412.  The indictment additionally provides Mr. Massat with a timeframe in which the conspiracy allegedly took place.  No evidence supports Mr. Massat's claim that the government possesses evidence of more than one conspiracy.  Accordingly, the indictment is valid.

Likewise, Mr. Massat presents no evidence to overcome the "strong presumption of regularity" afforded grand jury proceedings.  United States v. Wadlington, 233 F.3d 1067, 1073 (8th Cir. 2000).  "[P]ermitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence . . . would run counter to the whole history of the grand jury institution[.]"  Costello v. United States, 350 U.S. 359, 364 (1956).  Mr. Massat does not claim the grand jury was biased; rather, he speculates that the grand jury could have returned an indictment on a different conspiracy.  This bare allegation is not enough to meet his "heavy burden."  Wadlington, 233 F.3d at 1073.  Accordingly, Mr. Massat may not challenge the sufficiency of the evidence supporting the indictment.  See United States v. Nelson, 165 F.3d 1180, 1183 (8th Cir. 1999).

For the same reasons, Mr. Massat's argument that the indictment should be dismissed to avoid a variance at trial is meritless. The indictment fully and fairly notifies Mr. Massat that he is charged with conspiracy to distribute methamphetamine between 2013 and July 21, 2015. The indictment includes the elements of the offense, provides adequate notice of the issues to be litigated, and enables Mr. Massat to plead double jeopardy as a bar to further prosecution. See Buchanan, 574 F.3d at 566. The simple fact that some of the co-conspirators changed over time, or remain unknown, does not mean that the government's evidence will produce a variance at trial. See Roach, 164 F.3d at 412. Mr. Massat's fear that the government may provide different evidence at trial does not warrant pretrial dismissal of the indictment. See United States v. Brye, Cr. No. 4:09-3086, 2009 WL 2982908, at *2 (D. Neb. Sept. 14, 2009). Accordingly, it is recommended that the motion be denied.

## II.     Motion for Bill of Particulars (Doc. 76)

Mr. Massat next moves for a bill of particulars. In support of his motion, Mr. Massat claims the indictment contains "vague, ambiguous and uninformative allegations." (Doc. 76 at p. 1). Without a bill of particulars, Mr. Massat claims he is unable to prepare for trial. (Doc. 77 at p. 2). In response, the government states that the indictment, coupled with copious discovery, adequately inform Mr. Massat of the nature of the allegations. The government also responds that the eleven categories requested in Mr. Massat's Motion for Bill of Particulars were included in discovery to the extent the requested information was known.

### A. Legal Standard

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009); see Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with 'sufficient precision to enable him to prepare for trial' and 'to avoid or minimize the danger of surprise at trial.'" Livingstone, 576 F.3d at 883 (quoting United States v. Hernandez, 299 F.3d 984, 989–90 (8th Cir. 2002)).

A bill of particulars is not a discovery device, a means of acquiring evidentiary detail, or a preview of the government's proof. United States v. Huggans, 650 F.3d 1210, 1217 (8th Cir. 2011) (denying defendant's request for bill of particulars in drug conspiracy case, where defendant argued he was unable to anticipate scope of government's case and charged activities); United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990). Nor is a bill of particulars designed to provide information which the defendant might regard as helpful, but which is not essential to his defense. United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993). The granting or the refusal of a motion for a bill of particulars is a matter within the "sound discretion of the trial court." United States v. Buffington, 578 F.2d 213, 214 (8th Cir. 1978).

### B. Analysis

Mr. Massat requests the names and addresses of each known co-conspirator, as well as unknown co-conspirators' names and addresses as soon

8

as the government obtains that information; the dates and times that Mr. Massat and his co-conspirators allegedly participated in the conspiracy; whether any co-conspirator acted on behalf of the government; and any drug quantities that Mr. Massat allegedly possessed.  In short, Mr. Massat seeks to use the bill as a discovery device.  "The whens wheres and with whoms of acts and participation in the charged conspiracy is not properly the function of a bill of particulars."  United States v. Welch, Cr. No. 09-40029-09, 2010 WL 358075, at *2 (D.S.D. Jan. 29, 2010) (internal citation omitted) (denying defendant's motion for bill of particulars where defendant requested co-conspirators' identities, dates and times of conspiracy, whether any co-conspirator cooperated with government, and details about any agreement related to conspiracy).

Moreover, the Eighth Circuit Court of Appeals has allowed district courts to consider the extent of the discovery provided by the government when considering a motion for a bill of particulars.  United States v. Schrader, Cr. No. 14-50049-01-KES, 2014 WL 3752360, at *4 (D.S.D. July 30, 2014) (citing Huggans, 650 F.3d at 1220).  As Mr. Massat acknowledged in his motion to dismiss the indictment, the government has provided him with "thousands of pages of discovery."  (Doc. 69 at p. 2); see Huggans, 650 F.3d at 1220 ("The government's disclosures were more than sufficient to enable [the defendant] to understand the nature of the charges, prepare a defense, and avoid unfair surprise.").  In its response, the government also acknowledged it had provided Mr. Massat with over 1,500 pages of discovery and planned to release more in

response to his First Motion to Compel Discovery.  (Doc. 87 at p. 5).  As stated previously, the indictment in this case identifies "the geographic location, the dates, and the elements of the offense sufficiently to fairly inform [Mr. Massat] of the charge."  Welch, 2010 WL 358075 at *2.  The information in the indictment, coupled with the extensive discovery provided to date, are sufficient for the preparation of a defense.  See id. at *3 (citing United States v. Stephenson, 924 F.2d 753, 762 (8th Cir. 1991).  Mr. Massat fails to show that a bill of particulars is necessary to avoid unfair surprise at trial.  Accordingly, it is recommended that Mr. Massat's motion be denied.

### III. Second Motion to Compel Disclosure of Grand Jury Transcript (Doc. 70)

Mr. Massat moves for an order compelling disclosure of the grand jury transcript or, in the alternative, for disclosure of the particular evidence presented to the grand jury in his case.[1]  In support of his motion, Mr. Massat claims his Third Motion to Dismiss the Indictment (Doc. 68) and other evidence of prosecutorial overreaching provide a particularized need for disclosure.  The government responds that Mr. Massat is unable to show any defect in the grand jury proceeding, or any other particularized need, which would warrant disclosure.

#### A. Legal Standard

"[G]rand jury testimony is generally not discoverable on pretrial motion." United States v. Pelton, 578 F.2d 701, 709 (8th Cir. 1978).  "[G]rand jury

---

[1] Chief Judge Jeffrey L. Viken denied Mr. Massat's First Motion to Compel Disclosure of Grand Jury Transcript (Doc. 40), finding that Mr. Massat failed to show any particularized need which would warrant disclosure.  (Doc. 64).

10

transcripts need only be released by the government insofar as required under the Jencks Act[.]" United States v. Wilkinson, 124 F.3d 971, 977 (8th Cir. 1997) (citing 18 U.S.C. § 3500). "While the Federal Rules of Criminal Procedure authorize disclosure of grand jury transcripts under certain circumstances, . . . parties seeking such disclosure 'must show a "particularized need," and the decision to permit disclosure lies within the sound discretion of the trial judge[.]'" Id. (citing Fed. R. Crim. P. 6(e)(3) and United States v. Benson, 760 F.2d 862, 864 (8th Cir. 1985)). Rule 6 authorizes the court to disclose a grand jury transcript "at a time, in a manner, and subject to any other conditions that it directs . . . preliminary to or in connection with a judicial proceeding; [or] at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" Fed. R. Crim. P. 6(c)(3)(E)(i) & (ii). The burden rests on the defendant "to show a particularized need for this testimony." Wilkinson, 124 F.3d at 977. "A criminal defendant must point to specific evidence of prosecutorial overreaching in order to show particularized need to consult grand jury transcripts." United States v. Lame, 716 F.2d 515, 518 (8th Cir. 1983).

Under the Jencks Act, "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a) (parentheticals in

original).  The term "statement" includes the written statement of a witness, a written statement adopted by a witness, or a transcript of a witness' oral statement, including grand jury testimony.  18 U.S.C. § 3500(e)(1), (2) & (3).

The Federal Rules of Criminal Procedure also control the disclosure of grand jury transcripts.  "After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony."  Fed. R. Crim. P. 26.2(a).  The rule contemplates disclosure of the witness's grand jury testimony.  Fed. R. Crim. P. 26.2(f)(3).

### B. Analysis

Mr. Massat claims a "particularized need" for the grand jury testimony based on his argument that the indictment is duplicitous and vague.  As stated above, the indictment is neither duplicitous nor vague; moreover, the government has provided Mr. Massat with voluminous discovery informing him of the nature and extent of the charges.  Mr. Massat additionally argues that a witness, whose testimony the government apparently disclosed, delivered perjured statements in front of the grand jury.  Mr. Massat points to alleged discrepancies between the witness's testimony and previous interviews.  However, Mr. Massat fails to introduce any evidence showing that the government "engage[d] in fundamentally unfair tactics or deliberately [misled]

12

the jury . . . [or] introduce[d] evidence [known] to be perjured, or conceal[ed] substantial evidence negating guilt." <u>Lame</u>, 716 F.2d at 518.  A bare allegation that a witness gave inconsistent statements does not meet the standard for particularized need.  See <u>United States v. Broyles</u>, 37 F.3d 1314, 1318 (8th Cir. 1994).  Finally, Mr. Massat argues that Rule 26.2 requires disclosure of grand jury testimony of any witnesses to be called at trial.  Mr. Massat misstates the rule: disclosure is not required until after the witness has testified on direct examination.  Fed. R. Crim. P. 26.2(a).  For these reasons, no good cause has been shown, and it is recommended that Mr. Massat's motion be denied.

## CONCLUSION

Based on the foregoing discussion and analysis, this court recommends that Defendant's Third Motion to Dismiss the Indictment Based on Duplicity and Vagueness (Doc. 68); Second Motion to Compel Disclosure of Grand Jury Transcript (Doc. 70); and Motion for Bill of Particulars (Doc. 76) be denied in their entirety.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the District Court.  <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986).

DATED this 14th day of November, 2017.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge