UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT CHARLES MASSAT,<br><br>Defendant. | CR. 15-50089-JLV<br><br>ORDER |

## INTRODUCTION

Defendant Robert Massat filed a third motion to dismiss the indictment
based on duplicity and vagueness, a second motion to compel disclosure of the
grand jury transcript and a motion for a bill of particulars.   (Dockets 68, 70 &
76).   Mr. Massat also filed first and second motions to compel discovery.
(Dockets   81 & 102).   The government opposed defendant's motions.   (Dockets
86-88,   90 & 104).

The motions were referred to United States Magistrate Judge Daneta
Wollmann pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of March
9, 2015.   Magistrate Judge Wollmann issued a report and recommendation
("R&R") on defendant's third motion to dismiss, second motion to compel
disclosure and motion for a bill of particulars.   (Docket 144).   The R&R
recommended defendant's third motion to dismiss, second motion to compel
disclosure and motion for a bill of particulars be denied.   Id. at p. 13.   The
magistrate judge also entered an order denying defendant's two motions to

compel discovery ("Discovery Order"). (Docket 145). The Discovery Order denied a number of requests in the first motion to compel discovery as moot, denied another request and denied in full the second motion to compel discovery. Id. at p. 6. Mr. Massat timely filed objections to the R&R and timely filed objections in his appeal of the Discovery Order. (Dockets 146-47).

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. See also Fed. R. Crim. P. 59(b)(3). The court completed a *de novo* review of those portions of the R&R to which objections were filed. For the reasons stated below, the court finds the magistrate judge's report and recommendation is an appropriate application of the law to the facts presented by the parties. For the reasons stated below, the defendant's objections are overruled and the report and recommendation of the magistrate judge is adopted in its entirety.

Under § 636(b)(1)(A), the district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." For the reasons stated below, the court finds the Discovery Order is neither "clearly erroneous" nor "contrary to law." Id.

Defendant's objections to the Discovery Order are overruled and the Discovery Order is affirmed.

## DEFENDANT'S OBJECTIONS TO THE R&R

Mr. Massat objects to the R&R asserting the magistrate judge erred in making the following conclusions:

1. The magistrate judge erred when she concluded "no evidence supports Mr. Massat's claim that the government possess [sic] evidence of more than one conspiracy." (Docket 146 at p. 2).

2. The magistrate judge erred when she concluded "Mr. Massat presents no evidence to overcome the 'strong presumption of regularity afforded grand jury proceedings.'" Id. at pp. 2-3.

3. The magistrate judge erred when she concluded "Mr. Massat's argument that the indictment should be dismissed to avoid a variance at trial is meritless." Id. at p. 3.

4. The magistrate judge erred when she concluded "Mr. Massat seeks to use the bill of particulars as a discovery device." Id. at p. 4.

5. The magistrate judge erred when she concluded "Mr. Massat misstated the requirements of Federal Rule 26.2 . . . ." Id. at p. 5.

6. The magistrate judge erred when she "incorrectly cited to United States v. Broyles, 37 F.3d 1314, 1315 (8th Cir. 1994) . . . ." Id. at p. 6.

Each of these objections will be addressed.

## DEFENDANT'S OBJECTIONS TO THE DISCOVERY ORDER

Mr. Massat appeals from the Discovery Order on the following grounds:

1. The magistrate judge erred when she concluded "Mr. Massat broadly argues—with no specificity or clarification—that the

requested information is discoverable under the Jencks Act[1] and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963)." (Docket 147 at p. 2).

2.    The magistrate judge's "order 'denying' Items 1-15 & 17-28 'as moot' is clearly erroneous." <u>Id.</u> at p. 3.

3.    The magistrate judge's order as it relates to item 16 "is clearly erroneous when it states that 'Mr. Massat requests disclosure of communications between local, state, or federal agents involved in this case and government witnesses." <u>Id.</u>

4.    The magistrate judge's order on the second motion to compel discovery is clearly erroneous when she found "that non-disclosure of Mr. Bessman's PSR 'does not violate Mr. Massat's right.'" <u>Id.</u> at p. 5.

Each of these objections will be addressed.

## ANALYSIS

Mr. Massat was indicted for the offense of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (Docket 1). The indictment alleges:

Beginning on or about 2013, and continuing through the date of this Indictment, in the District of South Dakota and elsewhere, the defendant, Robert Charles Massat, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the Grand Jury to knowingly and intentionally distribute and to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance . . . .

<u>Id.</u>

_____

[1]18 U.S.C. § 3500.

Mr. Massat filed a third motion to dismiss the indictment based on duplicity and vagueness.[2]   (Docket 68).   He asserts the indictment is defective because "the Government has alleged one large conspiracy by the single count indictment . . . where in fact, several separate conspiracies may exist from the discovery . . . provided to the Defendant so far."   (Docket 69 at p. 2).   Mr. Massat claims he "has always understood that the conspiracy he is defending against is the 'Trevor Ray Conspiracy.' "   Id. at p. 3.   He argues the government changed that perception of the conspiracy when it asserted:

> The defendant has correctly identified some of his coconspirators . . . .   The defendant is wrong in supposing that the evidence advanced at his trial will be limited to that involving Trevor Ray and those individuals identified in the proceedings against Ray.   The defendant has multiple sources of methamphetamine and distributed through individuals not directly related to Ray.

Id. (citing Docket 44 at pp. 4-5).   Mr. Massat contends he "no longer understands what conspiracy is alleged against him."   Id.

The magistrate judge concluded the indictment was neither vague nor duplicitous.

> The fact that a variety of known and unknown individuals may have joined in the drug distribution scheme does not mean that Mr. Massat participated in multiple conspiracies. . . .   The indictment additionally provides Mr. Massat with a timeframe in which the conspiracy allegedly took place.   No evidence supports Mr. Massat's claim that the government possesses evidence of more than one conspiracy.

_____

[2]Mr. Massat's first motion to dismiss the indictment as barred by the Double Jeopardy Clause of the Fifth Amendment was denied.   (Dockets 38 & 64).   His second motion to dismiss the indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161, was denied.   (Dockets 60 & 67).

(Docket 144 at p. 6) (referencing <u>United States v. Roach</u>, 164 F.3d 403, 412 (8th Cir. 1998)). The magistrate judge rejected Mr. Massat's argument that the evidence at trial may be at variance with the evidence presented to the grand jury.

> The indictment fully and fairly notifies Mr. Massat that he is charged with conspiracy to distribute methamphetamine between 2013 and July 21, 2015. The indictment includes the elements of the offense, provides adequate notice of the issues to be litigated, and enables Mr. Massat to plead double jeopardy as a bar to further prosecution. . . . The simple fact that some of the co-conspirators changed over time, or remain unknown, does not mean that the government's evidence will produce a variance at trial.

<u>Id.</u> at p. 7 (referencing <u>Roach</u>, 164 F.3d at 412, and <u>United States v. Buchanan</u>, 574 F.3d 554, 556 (8th Cir. 2009)). For these reasons, the R&R recommended defendant's third motion to dismiss the indictment be denied. <u>Id.</u>

DEFENDANT'S OBJECTIONS TO THE R&R

Mr. Massat's first three objections to the R&R challenge the findings of the magistrate judge:

1. The magistrate judge erred when she concluded "no evidence supports Mr. Massat's claim that the government possess [sic] evidence of more than one conspiracy." (Docket 146 at p. 2).

2. The magistrate judge erred when she concluded "Mr. Massat presents no evidence to overcome the 'strong presumption of regularity afforded grand jury proceedings.'" <u>Id.</u> at pp. 2-3.

3. The magistrate judge erred when she concluded "Mr. Massat's argument that the indictment should be dismissed to avoid a variance at trial is meritless." <u>Id.</u> at p. 3.

Mr. Massat incorporates his earlier argument as the basis for his objections to the R&R. Id. at p. 2 (referencing Docket 112).

"[G]rand jury proceedings are afforded a strong presumption of regularity, and a defendant seeking to overcome that presumption faces a heavy burden." United States v. Kouba, 822 F.2d 768, 774 (8th Cir. 1987) (citing United States v. Hintzman, 806 F.2d 840, 843 (8th Cir.1986)). See also United States v. Boykin, 679 F.2d 1240, 1246 (8th Cir.1982) ("It is well settled that there is a strong presumption of regularity accorded to grand jury findings. . . . A heavy burden is placed on one who seeks to overturn the presumption that an indictment returned by a legally constituted body is founded on competent evidence.") (internal citation omitted).

The essence of Mr. Massat's argument is the "discovery alleges that Massat's source of supply is unknown during some of the time when Trevor Ray was incarcerated, i.e., in June of 2014." (Docket 112 at p. 2). He contends the government alleges the defendant "distributed drugs to two individuals . . . not mentioned anywhere else in the . . . discovery . . . even though other names . . . are mentioned repeatedly throughout [the discovery] in reference to the Trevor Ray conspiracy." Id. Mr. Massat argues the first two individuals could "not [be] members of the 'same core of constituents' . . . [where] all had known interactions with each other." Id. (referencing United States v. Espinoza, 684 F.3d 766, 774 (8th Cir. 2012)).

Mr. Massat further argues there is yet a third conspiracy disclosed in the discovery, that is, the T-Z[3] conspiracy which has no "nexus" with the Ray conspiracy.  Id. at p. 3.  Mr. Massat contends this separate conspiracy argument is enhanced because while a member of the Ray conspiracy sold methamphetamine to T, that individual was an arch enemy of another member of the Ray conspiracy.  Id.  The defendant submits the discovery makes no connection between the T-Z conspiracy and the Ray conspiracy.  Id. at p. 4. In summary, Mr. Massat argues "[w]ith these multiple conspiracies being alleged against Massat, [he] can not intelligently understand which conspiracy it is he is defending against in violation of his due process rights under the Fifth Amendment."  Id.

"A single conspiracy is composed of individuals sharing common purposes or objectives . . . operating under one overall agreement to commit an illegal act . . . ."  United States v. Chantharath, 705 F.3d 295, 301 (8th Cir. 2013) (internal citations and quotation marks omitted).  Whether every co-conspirator knew every other co-conspirator is not relevant.  "To be guilty of a single conspiracy, the conspirators need not know each other or be privy to the details of each enterprise comprising the conspiracy as long as the evidence is sufficient to show that each defendant possessed full knowledge of the conspiracy's general purpose and scope."  Id. (internal citation, quotation marks and brackets

---

[3]Because Mr. Massat's brief is filed under seal, in order to protect the names of individuals who may not have been publically disclosed, the court has assigned a random designation of initials to those individuals.

omitted).   Simply because participants in the conspiracy "may compete against one another does not preclude them from being part of the same conspiracy." United States v. Johnson, 719 F.3d 660, 669 (8th Cir. 2013).   "Whether there is a single conspiracy, or multiple conspiracies, is a question of fact for the jury." Chantharath, 705 F.3d at 301.

Mr. Massat's argument speculates that the grand jury did, or could have, returned the indictment based on the Ray conspiracy or a different conspiracy. His argument does not meet the heavy burden required of him to overcome the presumption of regularity in the grand jury proceedings.   Kouba, 822 F.2d at 774.

The indictment charges a single conspiracy during a specific time period. (Docket 1).   The indictment contains sufficient details to permit Mr. Massat "to plead double jeopardy as a bar to future prosecution."   United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001).   Whether one or more of the participants in the conspiracy came and left or competed with other participants does not create a multiple conspiracy.   Roach, 164 F.3d at 412, and Johnson, 719 F.3d at 669.

It appears from the record that Mr. Massat was a participant in the Ray conspiracy.   How other individuals participated, if at all, in that conspiracy must be resolved at trial.   Whether the evidence presented at trial will be at variance with the indictment is a question which cannot be resolved at this juncture.   Johnson, 719 F.3d at 669 ("Whether the government's proof at trial

established only a single conspiracy or multiple conspiracies is determined by the totality of the circumstances . . . .") (citing <u>Espinoza</u>, 684 F.3d at 776–77).

The court finds the report and recommendation appropriately applied the law to the facts presented. Defendant's objections 1-3 are overruled.

Mr. Massat's fourth objection to the R&R challenges the magistrate judge's conclusion that Mr. Massat was "us[ing] the bill of particulars as a discovery device." (Docket 146 at p. 4) (referencing Docket 144 at p. 9). Mr. Massat's motion for a bill of particulars contained 11 separate categories of requests for information.

1. Delineate the single conspiracy that the Defendant is alleged to have been a member of as charged by Indictment in this matter. . . .

2. State the name and addresses of each and every member of the alleged conspiracy known to the Government and their roles in the conspiracy.

3. State the date or dates, and the time or times, when Defendant Massat and each alleged coconspirator presently known to the government joined or entered into the alleged conspiracy.

4. State the period or periods of time during which Defendant Massat and each alleged coconspirator presently known to the government remained in the alleged conspiracy; and specify the date on which Defendant Massat's participation in the alleged conspiracy ended, if earlier than the termination alleged in the Indictment.

5. State the circumstances under which, and the words or conduct by means of which, Defendant Massat and each alleged coconspirator presently known to the government entered into the alleged conspiracy.

6.     With respect to any alleged coconspirators whose identity is presently unknown, but whose identity hereafter becomes known to the government, state the names and addresses of such coconspirators as they become known.

7.     State the names and addresses of all other persons who in any way participated in the alleged conspiracy, and all other persons present at the time or times that the Government alleges that Defendant Massat or any of the coconspirators joined or entered the alleged conspiracy or committed any of the overt acts in furtherance thereof.

8.     State whether any alleged coconspirator presently known to the government was acting on behalf of the United States government at any time during the period of the alleged conspiracy.

9.     State whether any alleged coconspirator has furnished information to law-enforcement authorities with respect to the alleged conspiracy or any overt acts committed in furtherance thereof.

10.     State any and all evidence that indicates Defendant Massat had actual or constructive possession of any controlled substance.

11.     With respect to any act(s) specified in paragraph 10 above that involve the possession and/or distribution of methamphetamine, state the quantity for each alleged occasion.

(Docket 76 at pp. 2-3). Mr. Massat contends:

> [These requests] are essential to enable [him] to be adequately apprised of the nature and scope of the accusations against him, as guaranteed by the Sixth Amendment to the Constitution; to give [him] the opportunity to adequately prepare his defense; to avoid prejudicial surprise at trial; to clarify the issues herein; to avoid any delay at trial; and to enable [him] to be protected against a second prosecution for the same offense as guaranteed by the Fifth Amendment of the Constitution.

(Docket 77 at p. 2).  Simply because the government produced a large volume of discovery,[4] Mr. Massat argues that "mere access . . . is not enough to adequately inform [him] of the charges against him."  (Docket 146 at p. 4).  He contends a bill of particulars is "necessary to inform him of the nature of the charge against him with sufficient precision to enable him to prepare for, and to avoid or minimize prejudicial surprise at trial."  Id. (referencing United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009)).

The Federal Rules of Criminal Procedure provide for the filing of a bill of particulars.

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits.  The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).  "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite."  United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002).  A trial court's

---

[4]The government acknowledged providing Mr. Massat with over 1,500 pages of discovery and planned to release more discovery in response to the defendant's first motion to compel discovery.  (Docket 144 at pp. 9-10) (referencing Docket 87 at p. 5).

decision to deny a motion for a bill of particulars is reviewed for an abuse of discretion.   United States v. Shepard, 462 F.3d 847, 860 (8th Cir. 2006). To establish reversible error based on a denial of a motion for a bill of particulars, a defendant "must show that he was actually surprised at trial and suffered prejudice from the denial."   Livingstone, 756 F.3d at 883 (internal citation omitted).

Defendant's reliance on Livingstone is misplaced.   In Livingstone, the government provided the defendant "with considerable discovery" and indicated "it would disclose more information about [its] witnesses before trial."   Id. at p. 883.   The court approved the decision of the magistrate judge to deny Mr. Livingstone's motion for a bill of particulars, "concluding that the indictment and the government's disclosures were sufficient to enable Mr. Livingstone to understand the nature of the charges, prepare a defense, and avoid unfair surprise."   Id. (internal quotation marks omitted).

Under the Jencks Act, "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."   18 U.S.C. § 3500(a) (parentheticals in original).   The term "statement" includes the written statement of a witness, a written statement adopted by a witness or a transcript of a witness' oral statement, including grand jury testimony.   18 U.S.C. § 3500(e)(1), (2) & (3).   Notwithstanding the

discovery parameter established by subsection (a) of the Jencks Act, the court is aware of the local practice of the Office of the United States Attorney for the District of South Dakota to disclose all Jencks Act materials the Friday prior to the commencement of trial.

The court concurs with the finding of the magistrate judge that "Mr. Massat seeks to use the bill [of particulars] as a discovery device." (Docket 144 at p. 9). The government's disclosures are more than sufficient to permit Mr. Massat to understand the charge against him, prepare his defense and avoid unfair surprise. Hernandez, 299 F.3d at 989-90.

The court finds the report and recommendation appropriately applied the law to the facts presented. Defendant's objection 4 is overruled.

The defendant's fifth objection to the R&R is that the magistrate judge erred when she concluded "Mr. Massat misstated the requirements of Federal Rule 26.2 . . . ." (Docket 146 at p. 5) (referencing Docket 144 at p. 13). Mr. Massat contends Rule 26.2 requires "disclosure of grand jury testimony of any witness the Government also calls at jury trial. FR[Crim.]P 26.2(a) & (f)(3)." Id. (referencing Docket 115 at p. 2).

Mr. Massat's argument misapplies Fed. R. Crim. P. 26.2 in part. Rule 26.2 specifically states that a witness' grand jury testimony need not be disclosed before trial as suggested by Mr. Massat's argument. The rule provides:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. P. 26.2(a). The rule requires disclosure of the witness' grand jury testimony in the same fashion. Fed. R. Crim. P. 26.2 (f)(3). By the clear language of the rule it is only after a government witness testifies on direct at trial that the court may order the witness' grand jury testimony to be disclosed to the defendant.

The court finds the report and recommendation properly analyzed Mr. Massat's argument on Rule 26.2. Defendant's objection 5 is overruled.

Mr. Massat's sixth objection to the R&R is that the magistrate judge erred when she "incorrectly cited to United States v. Broyles, 37 F.3d 1314, 1315 (8th Cir. 1994) for the proposition that '[a] bare allegation that a witness gave inconsistent statements does not meet the standard for particularized need.'" (Docket 146 at p. 6) (citing Docket 144 at p. 13). Mr. Massat contends that "Broyles actually says . . . [a] long line of cases in this Circuit note that a bare allegation that the records [of a grand jury] are necessary to determine if there may be a defect in the grand jury process does not satisfy the particularized need requirement." Id. (internal quotation marks omitted).

First, Mr. Massat's statement that the magistrate judge referenced Broyles at page 1315 is incorrect. The R&R references Broyles at 1318. (Docket 144 at

15

p. 13).    The quotation cited from Broyles by Mr. Massat is correct.    See Broyles, 37 F.3d at 1318.    However, before that quotation, the United States Court of Appeals for the Eighth Circuit acknowledged that notwithstanding the prohibition on the disclosure of a grand jury transcript under Fed. R. Crim. P. 6(e)(3)(C)(ii), "[i]t is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release."    Id.

Mr. Broyles' argument was "that discovery [of the grand jury transcript] was necessary to allow a showing that the grand jury considered improperly or illegally obtained evidence."    Id.    The Broyles court concluded the defendant "made no showing of particularized need . . . ."    Id.    In the context of that conclusion, the court "note[d] that 'a bare allegation . . . does not satisfy the "particularized need" requirement.' "    Id. (citing United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994).

Like Mr. Broyles, Mr. Massat makes a generalized argument that a witness may have given an inconsistent statement [compared to an alleged prior statement] to the grand jury and on that basis the defendant is entitled to production of the grand jury transcript.    (Docket 115 at pp. 2-3).    The magistrate judge properly concluded "[a] bare allegation that a witness gave inconsistent statements does not meet the standard for particularized need." (Docket 144 at p. 13).    Broyles supports that conclusion.    Broyles, 37 F.3d at 1318.

"[G]rand jury testimony is generally not discoverable on pretrial motion."
United States v. Pelton, 578 F.2d 701, 709 (8th Cir. 1978).   "[G]rand jury
transcripts need only be released by the government insofar as required under
the Jencks Act . . . ."   United States v. Wilkinson, 124 F.3d 971, 977 (8th Cir.
1997) (referencing 18 U.S.C. § 3500).   "While the Federal Rules of Criminal
Procedure authorize disclosure of grand jury transcripts under certain
circumstances, . . . parties seeking such disclosure 'must show a "particularized
need," and the decision to permit disclosure lies within the sound discretion of
the trial judge . . . .' "   Id. (referencing Fed. R. Crim. P. 6(e)(3) and citing United
States v. Benson, 760 F.2d 862, 864 (8th Cir. 1985)).   Rule 6 authorizes the
court to disclose a grand jury transcript "at a time, in a manner, and subject to
any other conditions that it directs . . . preliminary to or in connection with a
judicial proceeding; [or] at the request of a defendant who shows that a ground
may exist to dismiss the indictment because of a matter that occurred before the
grand jury . . . ."   Fed. R. Crim. P. 6(c)(3)(E)(i) & (ii).   The burden rests on the
defendant "to show a particularized need for this testimony."   Wilkinson,
124 F.3d at 977.

The court finds the magistrate judge properly analyzed Broyles and
applied its ruling to the facts of this case.   Mr. Massat has not shown "a
particularized need" for the grand jury testimony.   Wilkinson, 124 F.3d at 977.
Defendant's objection 6 is overruled.

DEFENDANT'S OBJECTIONS TO THE DISCOVERY ORDER

The magistrate judge entered an order on defendant's first and second motions to compel discovery.   (Docket 145) (referencing Dockets 81 & 102). Mr. Massat objects to the rulings by the magistrate judge.   (Docket 147 at pp. 2-5).   Pursuant to 28 U.S.C. § 636(b)(1)(A), this court may only reconsider a pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.   28 U.S.C. § 636(b)(1)(A); see also Fed. R. Crim. P. 59(a) and Ferguson v. United States, 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.   28 U.S.C. § 636(b)(1)(A) . . . ."

FIRST MOTION TO COMPEL DISCOVERY (Docket 81)

The magistrate judge denied as moot items 1-15, 17-24 and 26-28 because the government already provided the information to the defendant or no such information existed.   (Docket 145 at p. 3).   The magistrate judge found item 25 moot as "the government states that agent notes will be submitted to the court for *in camera* review . . . ."   Id.   As to item 16, the magistrate judge found "Mr. Massat makes no showing that the information requested . . . is exculpatory, material, or otherwise discoverable, other than his general reference to Brady[5] and 18 U.S.C. § 3500.   Without a showing of materiality, the government is not

_____

[5]Brady v. Maryland, 373 U.S. 83 (1963).

18

obligated to disclose the information contained in the request." <u>Id.</u> at p. 4. On this basis, the magistrate judge denied defendant's motion for discovery of item 16. <u>Id.</u>

As to the first motion to compel discovery, defendant contends the magistrate judge erred because "Mr. Massat can not [sic] specifically state what it is he has not received, if in fact the requested item(s) exist but ha[ve] not been turned over to him, because in this scenario, there is no way for him to be certain of the item's existence." (Docket 147 at p. 2). Defendant contends that "in reality [the magistrate judge is] agreeing with Mr. Massat that the requested information is discoverable and should be turned over to him." <u>Id.</u> at p. 3.

Mr. Massat objects to the ruling on item 16, asserting the magistrate judge mistakenly believed defendant wanted the government to produce "disclosure of communication between local, state, or federal agents involved in this case and government witnesses." <u>Id.</u> (referencing Docket 145 at p. 4). Rather, Mr. Massat contends he sought production of the following:

> Information concerning all business, familial, and/or personal relationships, contacts, or communications between any local, state, or federal agents involved in this case, including law enforcement investigators and prosecutors, and government witness [sic] which existed or occurred prior to the date of the defense or event about which the witness has knowledge and/or which occurred on or after said date(s), if such relationship, contact, or communication was not pertaining to the subject of this prosecution . . . .

<u>Id.</u> (referencing Docket 81 ¶ 16) (typographic error corrected by defendant).

Based on this request, Mr. Massat argues Fed. R. Crim. P. 16(a)(2) "does not

apply" and the magistrate judge's ruling was "clearly erroneous in finding that it does." Id. To the contrary, Mr. Massat asserts "[i]tem 16 is highly material in Mr. Massat preparing a proper defense because it exposes biases and motives for why a government witness would make the statement the witness is making." Id.

The court completed a *de novo* review of the magistrate judge's order. With respect to all of the items in defendant's first motion to compel discovery other than item 16, the court finds the magistrate judge's order is not clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The government represented to the court and defense counsel that any information associated with defendant's discovery motion had either been produced to the defendant or did not exist. (Docket 90 at pp. 1-6). As to agent field notes sought by item 25, the government agreed to submit the notes to the court for an *in camera* review.[6] Id. at p. 5.

Mr. Massat's objection is a circular, double negative argument without merit. (Docket 147 at p. 2). If the government fails to produce any of the information the government represented it would turn over to him, Mr. Massat retains the prerogative to file an objection seeking further relief from the

---

[6]Mr. Massat did not specifically object to the ruling on item 25. (Docket 147). The court concludes defendant waived any objection to item 25, and further finds the magistrate judge's ruling as to item 25 is not clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

magistrate judge.   On this record defendant's objection to the decision of the magistrate judge is overruled.

As to item 16, the court finds Rule 16(a)(2) directly on point and applicable to defendant's request.   Rule 16, in relevant part, provides:

> Information Not Subject to Disclosure.   Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.   Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Fed. R. Crim. P. 16(a)(2) (bold omitted).

Mr. Massat does not identify any provision of Rule 16(a)(1)(A)-(D), (F) and (G) which would compel discovery.   (Docket 147).   Recognizing the prohibition of Rule 16(a)(2), Mr. Massat's motion at best seeks "[i]nformation concerning all business, familial, and/or personal relationships . . . between any local, state, or federal agents . . . including law enforcement investigators and prosecutors, and [any] government witness . . . if such relationship . . . was not pertaining to the subject of this prosecution."   (Docket 147 at p. 3).

Mr. Massat's generalized argument that this information is material "because it exposes biases and motives for why a government witness would make the statement the witness is making," does not specifically address how or why the magistrate judge's ruling is clearly erroneous or contrary to law. Simply saying so, without a meritorious argument and citation to fact-specific

rulings of case authority, does not satisfy the burden placed on defendant under § 636(b)(1)(A).

The court finds the magistrate judge properly analyzed item 16 and properly applied the law. Defendant's objection to the magistrate judge's ruling as to item 16 is overruled.

SECOND MOTION TO COMPEL DISCOVERY (Docket 102)

Defendant's second motion to compel discovery sought disclosure of the presentence report ("PSR") of Derrick Bessman in a related case. (Docket 102 at p. 1). The magistrate judge completed an *in camera* review of the PSR and concluded it did not disclose any "information either implicating or exculpating Mr. Massat." (Docket 145 at p. 6). For this reason, the magistrate judge concluded "nondisclosure does not violate any of Mr. Massat's rights." Id. (referencing United States v. Shyres, 898 F.2d 647, 656 (8th Cir. 1990)).

Mr. Massat objects to this ruling and argues "[t]he absence of Mr. Massat being mentioned in Mr. Bessman's PSR contradicts the proffers of two coopering [sic] witnesses that accused Mr. Bessman of either selling or receiving methamphetamine from Mr. Massat." (Docket 147 at p. 4). Mr. Massat contends "on its face, [the] factual finding by the magistrate 'contains exculpatory evidence or impeachment material.'" Id. (referencing Docket 145 at p. 6).

The court completed a *de novo* review of the magistrate judge's order. A jury's assessment of the Mr. Bessman's credibility when compared to the

testimony of two cooperating government witnesses may be of paramount importance to the defendant's case, but the absence of any reference to Mr. Massat in the PSR does not create any showing of a special need for disclosure of the PSR. <u>United States v. Spotted Elk</u>, 548 F.3d 641, 672 (8th Cir. 2008) ("It is generally agreed that 'some showing of special need' is required before a district court should release a PSR to a third party."). Mr. Massat presents "no compelling or even substantial need for [Mr. Bessman's] presentence report." <u>Shyres</u>, 898 F.2d at 656. "[N]ondisclosure of the report" will not violate any of Mr. Massat's rights. <u>Id.</u>

The court finds the magistrate judge's order is not clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Defendant's objection to the decision of the magistrate judge is overruled.

## ORDER

Based on the above analysis, it is

ORDERED that defendant's objections (Docket 146) to the report and recommendation are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 144) is adopted in full.

IT IS FURTHER ORDERED that defendant' third motion to dismiss the indictment based on duplicity and vagueness (Docket 68) is denied.

IT IS FURTHER ORDERED that defendant's second motion to compel disclosure of the grand jury transcript (Docket 70) is denied.

IT IS FURTHER ORDERED that defendant's motion for a bill of particulars (Docket 76) is denied.

IT IS FURTHER ORDERED that the defendant's objections (Docket 147) are overruled.

IT IS FURTHER ORDERED that the magistrate judge's order (Docket 145) is not clearly erroneous or contrary to law.

Dated January 29, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE